NICHOLAS BARNES *v.* JAMES L. CRANDELL, Sheriff, and H. FRELLSEN & Co.

The neglect or delay of the creditor to sue, or to use legal remedies, does not release the surety.

The surety is at liberty, if he thinks the creditor not sufficiently energetic, to pay the debt and become subrogated to his right, and manage the claim to his own satisfaction.

It is only in those cases where the surety loses his right of subrogation by the act of the *creditor* that the surety is discharged.

APPEAL from the District Court, Tenth District, Parish of Madison, *Snyder*, J. *Bemiss & Wallace*, for plaintiff and appellant. *Short & Parham*, for defendants.

MERRICK, C. J. This suit was commenced by injunction by a judgment debtor to prevent the sale of certain slaves on execution.

The action is based on the following allegations, viz.:

"Petitioner alleges that he is advised to say that he is released from the said *Frellsen* judgment, amounting to about $2480, with interest, by reason of the said *Frellsen* not pursuing the principal obligor, one *J. W. Evans*, for whom your petitioner was merely *surety*, and that if timely steps had been taken by him, the said *Frellsen*, to secure said debt, by enforcing the special mortgage given by said *Evans* to secure said debt, and had otherwise pursued the necessary legal steps, he could have secured the said debt from said debtor.

BARNES
*v.*
CRANDELL.

"Having failed in this, and having suffered the mortgaged property to pass from the hands of said debtor, and having lost his right of subrogation, your petitioner is advised that said *Frellsen* has lost all recourse upon him."

The defendants except to the plaintiff's petition upon the ground that he has set forth no ground for an injunction. There would be no room to doubt, were it not for the last clause above quoted; for the plaintiff has not alleged any fact from which it appears that as surety he has been discharged. The neglect or delay of the creditor to sue or to use legal remedies does not release the surety. He is at liberty, if he thinks the creditor is not sufficiently ener-getic, to pay the debt and become subrogated to his rights, and manage the claim to his own satisfaction.

But as on the trial of the exception the petition is taken as true, we have to consider the clause referred to above—viz.: "And having lost his rights of subrogation, your petitioner is advised that said *Frellsen* has lost all recourse upon him."

We are of the opinion that this allegation cannot be taken to mean any more than this—viz.: "Your petitioner, having lost his rights of subrogation by the acts aforesaid, is advised," &c.

It is only in those cases where the surety loses his right of subrogation by the act of the *creditor*, that he is discharged.

Whether such defence would avail the defendant whose liability has once been fixed by a judgment or not, we express no opinion. But we think that the judgment debtor who would avail himself of such fact as a defence, and require the courts to pass upon the same, should allege it distinctly in his peti-tion. Not having done so in the case before us, we are of the opinion that the judgment must be affirmed.

Judgment affirmed.